**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2425**

SHOME TECHNOLOGIES, INCORPORATED,

Plaintiff - Appellant,

versus

NOBSKA GROUP, LLC,

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Andre M. Davis, District Judge. (CA-05-2316-AMD)

Submitted: July 6, 2006                    Decided: July 18, 2006

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. Silis, Alexandria, Virginia, for Appellant. David J. Heubeck, VENABLE, L.L.P., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On August 23, 2005, ShoMe Technologies, Inc. ("ShoMe") filed suit against Nobska Group, LLC, ("Nobska") alleging breach of contract, breach of duty of negotiation in good faith, intentional interference with prospective economic advantage, and negligent misrepresentation. Nobska moved to dismiss the suit on all counts. The district court granted Nobska's motion, finding that the "plaintiff has not and simply cannot plausibly allege the rudimentary elements of its ostensible claims." ShoMe Technologies, Inc. v. Nobska Group, LLC, No. AMD 05-2316 (D. Md. Nov. 23, 2005). ShoMe has appealed the district court's dismissal with regard to its negligent misrepresentation claim. Finding no error, we affirm.

In February 2004, ShoMe and Nobska entered into a Letter of Intent regarding Nobska's acquisition of "exclusive licensing, commercial exploitation, and development rights" for certain ShoMe technologies and software, "subject to the execution of a definitive License Agreement." J.A. 11.[*] The Letter of Intent provided Nobska with a 60-day due diligence period, ending in April 2004, to investigate ShoMe's business and assets. J.A. 12. The Letter of Intent contained a non-solicitation provision that

---

[*]In reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6), we view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well pleaded assertions as true. Venkatraman v. REI Systems, Inc., 417 F.3d 418, 420 (4th Cir. 2005).

2

precluded ShoMe from entering into or considering any other licensing or acquisition proposal until April 1, 2004, or until Nobska informed ShoMe it was terminating any negotiations, whichever occurred earlier. J.A. 5. With the exception of the non-solicitation provision, a provision regarding governmental approvals, and a provision requiring the representation of no materially adverse changes in ShoMe's business or assets, which were enforceable solely against ShoMe, the Letter of Intent, by its express terms, did not "create any legal obligations on the part of, or any rights in favor of, [Nobska], [ShoMe], or any other party." J.A. 13-14.

On April 26, 2004, after the due diligence period had ended, Nobska sent a letter to ShoMe, stating that Nobska had instructed its attorneys to begin drafting a licensing agreement consistent with the Letter of Intent for ShoMe to review. J.A. 15. Two months later, Nobska notified ShoMe that, after completing its due diligence investigation, Nobska would not proceed with a licensing agreement. J.A. 16.

On August 23, 2005, ShoMe filed suit against Nobska. Nobska moved to dismiss the suit, claiming that the Letter of Intent, by its express language, was not binding on Nobska and did not cause Nobska to owe ShoMe any legal duty unless and until a Licensing Agreement was executed. The district court granted Nobska's motion, and ShoMe timely appealed.

3

The grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. Venkatraman, 417 F.3d at 420. To state a claim for negligent misrepresentation under Maryland law, a plaintiff must allege:

(1) the defendant, owing a duty of care to the plaintiff, negligently asserts a false statement;

(2) the defendant intends that his statement will be acted upon by the plaintiff;

(3) the defendant has knowledge that the plaintiff will probably rely on the statement, which, if erroneous, will cause loss or injury;

(4) the plaintiff, justifiably, takes action in reliance on the statement; and

(5) the plaintiff suffers damage proximately caused by the defendant's negligence.

Gross v. Sussex Inc., 630 A.2d 1156, 1162 (Md. 1993).

In dismissing ShoMe's negligent misrepresentation claim, the district court found that Nobska did not owe ShoMe a duty of care "insofar as it chose to communicate with [ShoMe] pursuant to the letter of intent." J.A. 48. We agree. Under Maryland law, a plaintiff asserting a claim of economic loss due to negligent misrepresentation may show that the defendant owed him a duty of care if an "intimate nexus" exists between the parties. Griesi v. Atlantic Gen. Hosp. Corp., 756 A.2d 548, 554 (Md. 2000). This "intimate nexus" can be demonstrated by showing contractual privity between the parties, or its equivalent, such as "special relationships consummated during the course of pre-contract negotiations." Id. ShoMe claims that the lengthy contract

4

negotiations between it and Nobska, which were documented in the Letter of Intent, established a special relationship and intimate nexus that caused Nobska to owe ShoMe a duty of care. This assertion, however, is contradicted by the express language in the Letter of Intent, which states that the Letter is an "expression of intent only . . . and the parties do not intend to be legally bound or otherwise to incur any obligations with respect to the proposed transactions" until the execution of a License Agreement. J.A. 14. ShoMe relies heavily on cases where Maryland courts have allowed negligent misrepresentation cases to proceed when, in the course of pre-contract employment negotiations, the defendant maintains "exclusive control of" and withholds "vital and material information" that is necessary for the plaintiff to completely understand the situation. See Odyssey Travel Center, Inc. v. RO Cruises, Inc., 262 F. Supp.2d 618, 628 (D. Md. 2003). In the present case, ShoMe was fully aware that Nobska's failure to act within the deadlines set out in the Letter of Intent allowed ShoMe to seek other licensing and acquisition proposals. By not seeking other investors after the deadline, ShoMe acted "at its peril." J.A. 48.

Furthermore, the district court held that ShoMe could not show, as a matter of law, that it acted in:

> reasonable reliance on the April 26, 2004, letter in failing to seek "alternative channels of distribution . . . ." [T]he very fact that [Nobska] had not communicated the outcome of its due diligence to [ShoMe] by the

5

> deadline established in the letter of intent (60 days from February 6, 2004) affirmatively undermines, rather than supports, any claim of reasonable reliance on [ShoMe's] part.

J.A. 48. We agree that, as a matter of law, ShoMe has failed to show that it reasonably relied on Nobska's April 26, 2004, letter in failing to seek alternative investors, as it was permitted to do under the Letter of Intent following the April 1 deadline.

Since ShoMe has not alleged any set of facts that could state a claim of negligent misrepresentation, we affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6